UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISMENYS LONDRES DIVALOIS,

         Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

         Respondents.

_____/

Case No. 2:26-cv-1466-KCD-NPM

## **ORDER**

Petitioner Ismenys Londres Divalois is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his bond hearing was inadequate and his detention violates the Fifth Amendment. (Doc. 1.)[1] Respondents oppose the Petition. (Doc. 8.) For the reasons below, Divalois's *pro se* habeas corpus petition is **DENIED WITHOUT PREJUDICE**.

The underlying facts are straightforward. Divalois entered the United States in 2022 and was released on parole. (Doc. 8-1 at 15.) ICE took him into custody on January 14, 2026. Then, on May 19, 2026, he was ordered removed from the United States to Cuba. (*Id.* at 3-4.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Divalois cannot satisfy the initial temporal requirement. ICE took him into custody on January 14, 2026, and his removal order just became final. (Doc. 8-1 at 14-15.) As such, he remains within the window in which his detention is presumptively reasonable. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Finally, as Divalois acknowledges, he also already received a bond hearing before an immigration judge. (Doc. 8-1 at 3-4.) He has thus received process. The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Divalois has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is what Divalois asks. *See Guerrero v. Decker*, No.

3

19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019) (court lacks jurisdiction to review IJs' determinations at bond hearings that petitioners pose a danger to the community); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond.").

Divalois's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 28, 2026.

Kyle C. Dudek
United States District Judge

4